Case number 17-5049 Citizens for Responsibility and Ethics in Washington and Melania T. Stone for the appellant v. Federal Election Commission. Mr. McPhail for the appellant. Mr. Slyer for the appellate. Good morning, your honors. The question here is whether the FEC's discretionary choice not to pursue enforcement against an organization that the agency admits committed obvious violations of the law works not only to stop FEC, but blocks my clients from bringing a suit in their own name at their own expense to protect their own rights under the FECA. The answer to that question is no. This federal law provides that a complainant to the FEC may bring a civil action in their own name to remedy violations alleged in a complaint to the agency if the agency dismisses. Before they can bring that suit, the court must review the agency's dismissal and find that it was contrary to law to find no reason to believe or no probable cause to believe a violation occurred. The district court below misapplied that standard and found the FEC's decision there was no reason to believe a violation occurred here to be justified by the agency's prosecutorial discretion. In other words, the agency's desire to avoid litigation risk and even the most minimal of expenses justified its finding no reason to believe the organization here, CHGO, violated the law, a ruling which affected not only FEC's enforcement, but prohibits my clients from bringing a suit to enforce their own rights. Indeed, the record here shows CHGO engaged in wanton violations of the law. If you were to get a determination by the district court that the FEC's no reason to believe decision was contrary to law, for example, if you were to get that on remand from this court, what next? Well, the law provides that the FEC has 30 days to decide whether to conform with that declaration or whether not to. If the FEC chooses in that situation that it will go forward and enforce, then the FEC would proceed with its investigation, proceed with conciliation, or whatever else it chooses to do in its discretion. But if the FEC chooses out of its discretion not to enforce, the law provides my clients the right to bring a suit in their own names to protect their own rights. What relief would you be able to get? I think, Your Honor, we would be suing primarily to resolve our injury, the informational injury we suffer, through the fact that we do not know and voters do not know who was behind the roughly $4 million that were spent in numerous federal elections to benefit a number of candidates who are still in office today and who still run for office. We would ask that that information be disclosed, either through discovery or as an enforcement mechanism, to our clients. This is obviously an odd and, I think, unique provision, the way this citizen suit provision is structured. And the question, I think, at the heart of this for me is an exercise of prosecutorial discretion, almost by definition means, yeah, you might have violated the law, but we're not going to enforce it. We're not going to deport you. We're not going to prosecute you, whatever the exercise of discretion might be. That's been part of our tradition forever, exercises of prosecutorial discretion. So how can you say a particular exercise of prosecutorial discretion is itself contrary to law as a general proposition? Well, there's two points to that, Your Honor. One, we recognize that is actually the problem in the FTC's position here. They require my clients to show prosecutorial discretion is somehow contrary to law, which is simply not a standard or a question you could ever meet. For example, the court below would require my clients- Right. I mean, that is kind of a broader question, I suppose. How can it be contrary to law unless it's exercised, for example, on religious grounds or racial grounds or some kind of impermissible motive? But when you're just saying, yes, someone's, and I'll use the immigration context, someone's here in the country illegally, but we're going to exercise their discretion not to deport them, is that contrary to law? In those situations, that would not be, but the FECA has a particular statute which says the FECA faces two questions. First, whether it's reason to believe or whether it's probable cause to believe a violation occurred. And the FECA provides, if it answers either of those questions in the affirmative, it must investigate or it must conciliate. Right. It says shall on those parts, right? That is correct, Your Honor. Yeah, but then shall disappears on some of the later- That is true, but we are at that first stage. And clearly, because Congress provided this citizen suit backup, the idea there was if the agency makes an incorrect judgment on the reason to believe or probable cause standards, that that question would go before judicial review, which courts have done numerously. Sorry to interrupt. I didn't mean to interrupt there. I'm interested when you said Congress, what they were thinking. What were they thinking? Do we know what they were thinking in this provision? It strikes me as the classic compromise where someone wanted a citizen suit provision like some of the others and someone said, whoa, let's not have it exactly like the others. Do we know what was going on? Well, we do know there were actually a number of amendments happening. So the legislative history is scattered and a lot of different amendments were happening at the time. But we do know Congress was concerned about under-enforcement and lack of enforcement. And so Congress provided in this amendment two backups. One is judicial review and secondly is the ability to bring citizen suits. But then someone else must have been concerned about over-enforcement by citizen suits because it's not like the environmental citizen suit provisions or some of the others that are the EEOC citizen suit. Well, we see no evidence of a back and forth in legislative history there. But you are right. The FECA provides a unique citizen suit provision, provides the FEC unique authority over those suits, recognizing the special area the FEC regulates. And that the FEC has the ability to review civil complaints and decide on the merits whether that complaint raises reasonably. That is unique among agencies. Is it your position that a way that prosecutorial discretion was contrary to law, exercised contrary to law in this case, was that unlike the example that we've been discussing where you say, well, this person is deportable, they violated the law, but we're not going to deport them, it's more like a situation where the government looks and says, oh, well, just because this person committed a felony, that doesn't make them a priority for deportation when in fact the law says otherwise. So that it's exercise of discretion, but on top of an actual legal error about in this case what constitutes a political committee. So that's a little different from just saying we've got a bunch of cases, we're assessing them all accurately, but we're making judgment calls. And I take that to be really the heart of your position, that there is legal error at step one, step two, step three. We definitely assert there is legal error below on the merits on what is a political committee, the question we've identified. From the FEC's argument essentially is that error is irrelevant because no question of law addressed commanded any results. And that essentially it looked at the law and said, this is too hard and not worth our time. And because of that, we are not going to enforce. And the position is that judgment means not only will they not enforce. But prosecutors do that every day. Yeah. We understand. And more than that, the agencies, prosecutors have priorities and limited resources necessarily. And they devote their resources, the ones they have, to the priorities that they set. And so if the only explanation for the FEC not going forward is that we have priorities and we don't have the resources to deal with this particular thing in the past, particularly since the organization is now defunct, why is that contrary to law? I don't understand it. Well, the reason is twofold. First, we don't dispute the fact the agency has prosecutorial discretion. Courts have recognized, if we were here today asking for this court... That's not my question. My question is why is that... In the hypothetical I just gave you, which is really this case, why is that contrary to law? It's contrary to law because the FECA's contrary to law question asks whether it's a decision on the merits, whether it was reason to believe or probable cause to believe, is contrary to law. It's a merits analysis. But prosecutorial discretion is part of the law, isn't it? Prosecutorial discretion is not a substantive part of the law. That would not inform whether it was... What do you mean by substantive? What does it say in the statute? It's got to be substantive. Well, the initial previous sections leading up to the contrary to law provision provide the two questions the FEC has to answer, whether it was reason to believe or probable cause to believe. And those are substantive questions. Those are questions about the merits, questions about the activities of the respondent. And it's if the FEC finds there is reason to believe or probable cause to believe, it orders the FEC, you shall investigate. And so when the statute asks whether the decision was contrary to law, it's asking whether the agency made the correct decision on the merits. I'm just not sure about that. I mean, that's... I understand your position. But I think I... It says whether the dismissal of the complaint or the failure to act is contrary to law doesn't necessarily mean, although I understand your point to the contrary, it doesn't necessarily mean that the legal reasoning that the agency relied on was flawed. Tell me why that's not the right reading of this. In other words, to say the dismissal is contrary to law seems different than saying some of the legal analysis of a statute in question is wrong. Well, I think, one, the text provides that indication. But two, that is in the practice of every court reviewing an FEC dismissal. It is looked to the merits analysis of the FEC to decide whether it properly reached a conclusion there was often no reason to believe a violation occurred. So are you saying that's the difference between sort of Heckler versus Cheney prosecutorial discretion where there is no law to apply and Eakins where the Supreme Court has told us that under the FECA, it's not that kind of unbounded prosecutorial discretion. There are legal elements there that are going to be subject to judicial review. That is correct. Eakins does expressly reject the argument of the FEC of its prosecutorial discretion under Heckler affecting the review. And in fact, in that case where the court was reviewing a non-enforcement decision of the FEC, the court went on and reviewed the decision on the merits. And this court sitting on Bonk reviewed that decision on the merits and did so in a way that provided no deference to the FEC at all. The point is we do not dispute the FEC has prosecutorial discretion. The point is that a contrary to law finding has no impact on that discretion. A contrary to law finding by a court does not order the FEC to investigate any further. If the district court had found that the FEC acted contrary to law in all three of its votes because it was acting on an incorrect understanding of what constitutes a political committee according to its own law, its own regulations and sent it back the FEC has a choice then whether or not to take corrective action. No? That's correct. I want to reserve some time but I want to answer your question. We'll give you time. Thank you. That is exactly correct. The FEC provides FEC 30 days to decide what to do. And then it could exercise prosecutorial discretion in the sense of yeah, we see. Maybe this is a political committee. There's reason to believe it is. But we've got other priorities. It could do that. And what the statute provides in that case, then my clients can bring a suit in their own name to protect their own rights. The FEC does not have to devote any resources. It does not want to vote to disclose. But the FEC then is a court can find the FEC is acting contrary to law even when it is the sum of a correct legal decision and a permissible exercise of discretion lead it to decide not to go forward. Well, the result would be the court would say that it is contrary to law to dismiss this complaint. It's contrary to law. Fine. There's no reason to believe here a violation occurs. Because if they apply the law correctly and found reason to believe, the statute explicitly provides it must investigate. It shall investigate. If it chooses not to, that is violating the FECA. And my clients can bring their own suit in their own name. So it doesn't have discretion not to go forward. It has discretion. But in so doing, it would be contrary to law. You have a suggestion in your brief, which I find extraordinary and quite contrary to your position, if I may say so, which is that the FEC would be acting in contempt if it did not investigate in that situation? Well, in a situation where the court made it an error of law, it said that the FECA was unconstitutional and it wasn't going to enforce the FECA at all. But the court said that is not the case. And then the FEC refused to correct that decision and went forward with that error. But I thought that was just the situation we were discussing. And maybe I'm missing something. But if the FEC applies a correct understanding of what's a political committee and says within its 30 days, I know the statute says shall, but that can't be taken seriously. We have too many different priorities. And this is not one of them. Because statute of limitations, because defunct, we're going to look at some other things. And your view is, yes, and the statute has a salutary citizen supervision, so there's this contrary to law finding, no insult on the FEC, you get to go forward. That makes sense to me. But the notion, I thought you were saying that they would be in contempt. No, Your Honor, that was a specific situation where they commit an error of law. They apply the wrong standard. They do something expressly in violation of a court order, essentially. Then, if they went back and committed that same error, flagrant error in the face of the court order correcting it, that would be contempt. What do you think is the most egregious error of law they committed in this case? There's a number. I hate to limit you, but how about two, then? There's a number. On the actual merits analysis, the most egregious error is they found the only expenses that could be counted towards a group that could be considered a political committee, were expenses they paid for independent expenditures and only the airing and producing of those. They excluded all sums, categorically, all sums spent on electioneering communications, which Judge Cooper recently ruled was expressly contrary to law. That did not follow from the Buckley decision. They excluded, without any real analysis, significant to elect candidates to federal office. They excluded that from the analysis of whether this group was a political committee. If you include even a minimal amount of the money that those groups spent, then that's in dispute. This group, CHGO, indisputably qualifies as a political committee and should have reported as donors. And the purpose evidence is striking. You're not pointing to that. The purpose evidence is striking. You're right. There is a second error. There's a number to balance out here. That if a group is formed for the purpose of electing candidates, then it is also a political committee, regardless of how much money it spends. And here we have documents from the organization admitting it's formed to raise money and spend money on federal elections. And that's exactly what it did. And that itself qualifies it as a political committee. Thank you, Judge. Now, on the law, when the agency's applying a law, do we, in reviewing the agency's determination under this contrary-to-law provision as you see it, give any deference to the agency's interpretation of the law? If I can ask, are you referring to the contrary-to-law question itself or to the merits analysis? The merits analysis. That is a question under Chevron doctrine. We have argued that you do not receive Chevron deference, and there's a number of reasons for that. Judge Cooper, in a very similar case, addressed this question. Put aside the Chevron label. Just in assessing this, in the prosecutorial context, they're assessing they're not issuing a regulation. They're saying, do we want to go forward and pursue this when we have an arguably ambiguous law? Put aside this case. Do we then give some deference to them on that and say, well, we would read the law differently, but we understand why the agency read it the way it did, and therefore we can't say that its decision not to go forward was, quote, contrary to law? Well, I think that question would have to be answered under the Chevron doctrine. If the court, so the FEC, looked at the law and said, we think under the reading the activity here was not illegal, and the court disagreed with that, what deference had to apply to the FEC would be dictated by the Chevron doctrine? I don't want to use the Chevron label here because I think it's coming up in a different context, and it's really, put aside Chevron, just on the structure of the statute, does it make sense to give some deference to the agency's interpretation of the underlying legal merits or not? Well, on the actual merits, the facts, the statutory structure, often no, especially in cases like this where the statement being reviewed is a statement of only three commissioners who are not the majority of the agency, they don't speak for the FEC. They're only speaking on their own behalf of why they voted the way they did on the reason to believe finding, and that's the question under review of whether they got that vote on the reason to believe question correct. And what's your view on when the error happened? First vote against reason to believe, second vote against reason to believe, third vote, or all three? We think there was an error definitely in the first vote, and it can carry through on the political debate. It works that we have no knowledge of what's happening at the agency until after it's fully completed, so we have no opportunity to seek judicial review or any correction of that error until the full procedure is completed with the agency. That error appeared in the first statement of reasons, the first vote, and carried through, through all the votes. And does that make a difference to you in terms of the reasonableness of the decision, the exercise of prosecutorial discretion at the end of the day not to go forward given that the limitations period was drawing nigh and the organization was defunct? It is our position that the discretion the agency has has no bearing on the contrary to law analysis. The contrary to law analysis is a merits question, but if the court were to find that it has to review the discretion to decide whether it thought it was reasonable, we think that definitely would be a factor to consider, that the error that happened in the beginning, if they corrected that error in the beginning, we would not have run up against these problems. But the very difficulty that inquiry counsels against the court looking to that discretion and judging the discretion on the contrary to law analysis, because we agree the agency has discretion, and we agree we cannot order it to go forward or go back and redo its investigation, we cannot order it to spend more money, and that's not the reason we're asking for here. What's your position on the vendor payments point that the agency is paying? Our position is that at least some of that money should absolutely have counted towards finding these groups of political committees. One of the vendors, New Day, their commission was paid on a per ad basis, so you can actually find out how much money that vendor was paid per ad that ran. And so our position, and it works with the agency's position, money spent to create an error in an ad is money spent on that ad. And the fact that it was paid to a vendor as a commission is irrelevant. This lawsuit constitutes disclosure. What additional disclosure would result from your victory in this case? Well, the disclosure we're seeking... All the material that the FEC assembled is now spread before the world for anybody that's interested. That is not the case, Your Honor. Through all the material that's been released, the identities of the contributors, the information the FEC requires to disclose, is redacted. And no one knows still who the contributors are. Is there any precedent for finding contrary to law in ultimate, after a final decision of the commission based on a failure at an earlier stage to go forward with investigation? If I understand the question, I'm not sure, Your Honor. One way of looking at it, one way that I thought you were characterizing it, is they make an error early. And the error then is part of what leads to the delay, and part of what allows this organization to slip away into the night. And if that is the case, but as you say, you're only allowed to look at it at the end of the day when all of those things are fait accompli. Is there any precedent that has looked at that problem and dug back, not just looking at the decision to dismiss the case at the end of the day, but look back at the earlier stage when the road forked and the agency, in your view, made a contrary to law decision not to investigate? I'm not sure there's any precedent where there'd be an early error that was either corrected or somehow was not still present at the end of the case. But if, once the case becomes public, and once it's completed and we learn, if they say dismissed one of our claims early on and failed to find a reason to believe, we would have every right to argue that that was usual error, even if it happened years ago in the FEC proceeding. The FEC's brief characterizes your position as saying that all FEC discretionary dismissals should be deemed contrary to law. Is that your position? It is our position, but it's also important to realize the result of that finding. That is your position? That if there is a meritorious complaint here and there is a reason to believe a violation occurred, the dismissal of that complaint for the discretionary reason, which is the only reason the FEC could give, is contrary to law. Because the investigation is meant to go forward if there's reason to believe, or my clients can bring a suit in their own name. And then they say, in the 40-year history of the citizen's suit provision, no court has adopted that view of the law. Well, a few points to that, Your Honor. One, it took 200 years before anyone decided to enforce the Second Amendment. And the issue here, every case that they cite, what's typically happened is the FEC's reviewed complaints and found no reason to believe a violation occurred. And courts reviewed that and generally upheld it often, the FEC's analysis. We have not had a case in these 40 years where the FEC said, oh, yes, there were obvious violations here, but we're not going to bother enforcing it at all. So your point is this is a somewhat rare, this has rarely arisen in this exact posture? That is correct, Your Honor. But we don't need to go that far because here it's not a correct view of the law applied to the facts and then a discretionary decision. In your view, it is an erroneous view of the law applied to the facts. And that would erode the discretion and make it not a factor that would vitiate. That is our position, that there was a clear error of law that informed their judgment. It's the FEC's position, as I understand it, however, that that is irrelevant because once they said discretion, all other questions of law disappear. And it was required of our clients to prove that the FEC made the wrong judgment about its resources or its priorities. And that is a question that no plaintiff would ever be able to show, and therefore no citizen suit could ever be brought. Okay, we'll give you some time on rebuttal. Thank you very much. Thank you. Good morning, Your Honor, and may it please the Court. Jacob Seiler for the Federal Election Commission. I'd just like to begin where my opposing counsel left off. It is not our position that a legal error would be cured by an exercise of prosecutorial discretion. In fact, in this case, the commission did not reach a decision on the merits of whether, excuse me, the controlling commissioners did not purport to reach a decision on the merits of whether there was RTD on the political committee's status. Rather, their conclusion was that logistical difficulties in proceeding with further enforcement meant that their discretion should be exercised not to decide that issue. And that's ultimately what this Court has reviewed. Now, again, the statute says that the question that this Court must answer is whether the dismissal is contrary to law. And as this Court and the Supreme Court has explained, the commission retains prosecutorial discretion to dismiss cases. Whether the dismissal or the failure to act. Excuse me? I thought it was whether the dismissal or the failure to act. Yeah, that's correct. But in this case, there was a dismissal. And so it was not the FECA also provides a cause of action for administrative complainants to, after 120 days, sue the agency and say you have failed to act. This is not that kind of a case. This is a different kind of case. If the agency says we think there likely was a violation of law based on our interpretation of the law and our understanding of the facts, but for resource reasons or policy priority reasons, we're not going to pursue it. Is that contrary to law? No, that is unless there were some legal error infecting that decision, that would not be contrary to law because the assessment of whether or not this case... So if the agency says then in the next case regardless of whether there is a legal violation, we don't need to address that because even if there were, we wouldn't exercise our discretion to bring this kind of case. Is that contrary to law? No, and in fact that's what happened here. In fact, the controlling commissioners that ultimately voted to dismiss the case as a matter of prosecutorial discretion had determined at an earlier stage that some, but not all, of the FICA violations alleged in the administrative complaint there was reason to believe that those violations had occurred and authorize an investigation. Now the statute... Suppose the agency says for a particular class of cases a particular statutory provision, it simply is not going to pursue violations of that provision as a matter of policy priority. So if I understand your hypothetical, you're asking if the commission wrote that down and said explicitly we're not going to enforce this class of statutory violations. In such a case, that might run against the doctrine of Adams v. Richardson where if an agency consciously and expressly adopts a general policy of non-enforcement, that is not permissible under this court's precedent. But in fact Crewe makes an argument that the commission has abdicated responsibility here, but instead of pointing to a conscious and express policy all they point to are previous commission cases that have for reasons particular to those cases the same controlling commissioners voted not to proceed. So far from an express policy, what they're arguing is that there is an implied policy of non-enforcement and that doesn't get you to the Adams v. Richardson. Mr. Sarla, you said that there was no discussion to legal conclusion on the political committee question but Crewe argues that they did in fact and that they said that we're looking at percentage of expenditures and we don't think the percentage is enough, but under the commission's own law after Shays, you look at purpose. No consideration of purpose was made despite the general counsel's report having ample information about the purpose of this organization. The examination of electioneering communications was not done in a nuanced way that the commission's own law would seem to require and there was no information zero that I've seen that any of the money was spent on anything other than trying to influence federal races. So they seem to have an idea of what counts as a political committee and how to analyze that when they saw this as a close case that I see as at least Crewe's arguing that's intention with your own law. Well, the commission did not purport to analyze on an ad by ad basis what the... That's not what I was arguing. No, but what I'm saying is they didn't go through and analyze it in a way that would be required to come to a decision one way or the other. In fact, they did discuss some of the purpose evidence. They did not cite all of it, but there was evidence in the record that suggested that the group at issue was an issue advocacy group. They cited that information. And yes, of course, there was evidence in the record that you've identified. But again, the controlling commissioners did not exclude the possibility that FICA violations occurred in this case. In fact, they found some FICA violations that were alleged by the political committee issue. I'm really focusing on that issue and whether they were laboring under an understanding of what constitutes a political committee that affected their decision not to go forward with an investigation. Yes, so just to leave aside the earlier decisions for the moment, at the decision to dismiss, any analysis of the political committee status would not have ameliorated their concerns about the statute of limitations or about the defunct nature of the organization that didn't have any money to pay civil fines. So at that stage, there really is no reason, according to the controlling commissioners, didn't find it necessary to go into that role. It's over-determined. There are three equally independent reasons at that stage. Yes. At the earlier stage, the controlling commissioners voted in favor of starting an investigation with respect to the one-time disclosure provisions and did not make a decision one way or another because, as they explained later, the available facts, again, the investigation hadn't occurred at that first vote. The facts available at that stage did not resolve in their minds whether there was reason to believe. According to the first general counsel's report, only a subset of the commission's spending was available, how the organization at issue had spent that money. Only a subset of that was available. The Office of General Counsel had not identified every ad. They could not account for all of the spending, so there just wasn't enough information for the controlling commissioners to reach a conclusion on reason to believe. Then later, once more information was uncovered after the investigation was authorized, then the controlling commissioners ran into those more logistical problems that they identified in their final statement of reasons. Does the commission have a de minimis policy for trivial violations, for example, a small contribution of $2 was not reported or an expenditure of $15 was not reported? There are cases, Your Honor, in which the commission has found reason to believe or probable cause or whatever the relevant stage is and nevertheless dismissed the case with a warning of caution, for example, saying, we acknowledge there was a FICA violation here. Essentially, yes. There are cases where, for example, there are policies that the commission has where the dollar amount is low or things of that nature where the commission can essentially find reason to believe, which it didn't here with respect to the political committee status, but it can find reason to believe and then dismiss with a warning to the committee or to the donor. If somebody did research, one could find those cases? Yeah, we could. I don't have them in hand, but I could find an example. They're reported? Yeah, they would be available through the commission's website. And they issue some kind of a warning, just like a sanction, this is not okay, but we're not going to take further action? It's called a warning? I don't know if there's a specific term for it, but essentially there is a word of caution. We're in the world of word search. I don't have it at hand what the language would be, but those do exist. But again, there's another class of cases which this falls into, which is the commission just for whatever reason, and in this case, for the reasons we've explained in our brief, does not make an ultimate decision as to whether or not there is reason to believe. Although they did make a reason to believe determination at the first vote with respect to the individual failures to report, and as Kru points out, you said later, by the second, by the third, what you referred to as logistical problems had arisen, but they were present the organization was defunct already by the time of the first reason to believe vote, was it not? There wasn't a limitation problem. The organization was defunct and still the commission voted to proceed with an investigation on the individual, the failures to report. So the commission did not become aware of the termination until much later after the investigation had already commenced. That information came to the commission after it subpoenaed members of the board of the commission and some of its subvendors, which contained communications as well as Was that between the first and second? Or between the second and third votes? It was between after the investigation and before the final vote. I believe there were only two votes, formal votes. There were more meetings and discussions, but there was the first vote to find reason to believe and to authorize an investigation, and then later the final vote to dismiss. In the middle, there were additional discussions, but I don't think it came to a formal vote. They say that they're not in any way infringing your prosecutorial discretion or seeking to mandate you to take a particular action in a particular case or even a particular view of the law. All they're seeking is to allow the citizen suit provision to operate. What's your response? A few things. The statute refers to whether the dismissal is contrary to law. Our position is that they failed the initial prerequisite of getting to the contrary to law standard. And again, it's not so much that they're requiring us to do something as they're trying to do an end run around what Congress provided. And of course, FECA operates in a very sensitive First Amendment area. What do you think was going on with this provision? Or do you know what was going on with this provision? Because it is very odd. It is unique. I think there were concerns about under-enforcement, as my opponents have recognized. But I do think there were also concerns about over-enforcement. And so what FECA does is strike a balance between those positions. It gives the commission essentially two bites at the apple, the first stage and then whether that's challenged in court and found contrary to law. It gives them the second stage, at that point knowing if they fail to conform, then they will activate the right of private citizens to file a suit. That citizen suit then provides incentives for the commission to comply with court orders. We almost never will get contrary to law correct me if I'm wrong, under your broader theory of how this should work. We admit that they will be rare, but they're rare because Congress intended them to be rare. When you say intended, we don't know what Congress intended. We only know what they wrote. Yeah, and I think that intent is clear from the text of the statute because it's quite difficult to get to that stage if you follow the text of the statute. What is an example, other than the racial or religious discrimination example of a situation where it would be contrary to law? You could imagine situations in which, certainly the kind that you identified, but also if there were a legal error. For example, if the commission dismissed as a matter of prosecutorial discretion in light of an impending statute of limitations and got the statute wrong. If, for example, after one year they said we don't have enough time under the statute of limitations, that would plainly be unreasonable because there's an additional four years. Why isn't this that case where they're saying there's no reason to believe when they have no evidence of any non-electoral activity? They have evidence of several million dollars being paid on electing members of the Senate. They have purpose information. All it is is reason to believe that there may have been a violation of the political committee standard. Why isn't that, to the extent that they're saying well, it has to be more than half, it just seems like that's contrary to law in the same way that you're talking about where, oh, wrong statute of limitations, oops. Right, well, the difference between my example and sorry, the difference between your example and my case is that there were these other limitations on the remedies that the commission could get. It's pretty clear from the statement of reasons that the controlling commissioners were focused on the availability of a civil clock. Right, but that's a little bit of a problem of their own making because of the early misapprehension. So they ran the clock out because they thought, oh, we don't have evidence, whereas if they had acted promptly, if they had recognized the evidence before them as adequate legally, they wouldn't have been up that creek quite so far. So again, the timing is important. Much of the purpose evidence that Your Honor has just cited came about as a result of the investigation that the Office of General Counsel conducted anyway as a result of that first vote. It was present when they made a second vote against a finding of reason to believe. That's correct, but at that time, then the statute of limitations had become an issue, and at that point the commission became aware that the entity was defunct and had no money. So again, at the first stage, there was the information that you've just cited wasn't before the commission, and then later when that information was before the commission... But none of that is actually in the final decision. That's not the way the decisive commissioners explained the situation. Yeah, so again, they didn't feel the need to go into the merits of the case because of this other reason. Well, they sort of did, and to the extent that they did, it seems a little misleading. One of the issues, as you know, is to make the law clear, and I think one of the explanations we have for this peculiar citizen supervision is that it's very important for people that are trying to comply with the law to understand what's legal and what's not. And when you have the ultimate dismissal decision here, having footnote-making comments about commissions and focus on percentage where Shays and the ensuing regulatory action by the commission doesn't look at the political committee analysis that way at all. So that's a material problem. The regulation that came out of that decision does focus on the spending of the committee, and it also says the commission will take a case-by-case analysis as to this issue. And purpose is an important part of that, right? Yes, internal documents and public documents. And again, there is some mixed record about whether they were going to be an issue group. There's also the evidence you cited. What's the record that it was going to be an issue group? Well, they prepared a report that was focused on issues. That's the one report that was on their website? Yes. Do we have any information about how much that cost them? I think it was about $5,000. The ads, at least their defense to the agency, was that the ads focused on issues such as economics. Not all of them contain express advocacy. Some of them are addressed at economic issues. The controlling commissioners, again, didn't reach a conclusion as to which of those issues should be counted and which shouldn't. But all of this was disputed before the agency. I might have asked this in a different form before, but I want to make sure to ask it again. If the agency, the commission says our view of the law is X and therefore we're not pursuing this, but even if our view of the law is wrong, we would choose not to pursue this as an exercise of our discretion and priorities and resources. So that sounds to me pretty close to the Aikens case where the Supreme Court said they misanalyzed one provision of FECA. They reached a final conclusion as to what that meant, and they were wrong. Yes, they could exercise their prosecutorial discretion, but we're not sure how they would exercise that discretion if they got the view of the law right. So that's what Aikens says, but here... I'm asking the question, but suppose they simultaneously say those two things together, the commission. Yeah, I think Aikens would control that situation where then Aikens would require the court to remand it back to the agency to determine whether it would still exercise its discretion under the correct view of the law. But again, the commission here did not reach a final conclusion as to what the law meant or whether the respondent at issue here was a political committee or not. Right, I'm asking just how we whatever way this case comes out, whatever we write is going to be important. I understand. I just wanted to be clear about that. Is it your view that if, and I understand this is not your position, but if there were a contrary law finding and if Crewe were to go ahead, there would be no meaningful relief available to it? Sorry, to Crewe? Yeah. So I think the commission, the controlling commissioners did not at any point in their statement of reasons say that there were no possible way for the agency to go further. In fact, they merely said that based on the factors they identified, that the potential benefits wasn't worth the effort. So there may well be additional things the commission could have done and there may well be additional things that Crewe could do. But the question before this court is whether the dismissal was unreasonable, was contrary to law and under the court's precedence, whether that means whether it was unreasonable. And what are some of the, I mean, I take it and I'm not surprised that that's the commission's view. That should be the commission's view. There were remedies available. They just weren't sufficient to make a different decision would be the warning you mentioned, disclosure of information, what other kinds of remedies? So just to be clear, the controlling commissioners did not reach a conclusion about whether there would be availability of, you know, a requirement that they could go to court and get an order requiring the agency to disclose the names. They just didn't decide that. No, I know that. I'm just saying, in a counterfactual world in which the commission had decided it was worth the candle, yet you had a defunct organization. We have the, I think, taxpayer's case that Crewe cites or that the dissenting commissioner cites, I guess. What other kinds of relief would have been available in that counterfactual world to the commission? So assuming there weren't statute of limitations problems, then there would be an opportunity, then they could go to court seeking a court order requiring them to comply with their disclosure obligations. But again, I want to emphasize that the commission did not reach a conclusion as to whether those remedies were made available in this case, unless the statute of limitations. I understand that. Yeah. So disclosure obligation, anything else that the commission has the authority in a case in which they think it's worth the candle to get once the entity that it's pursuing is defunct. I mean, that must be a systemically important issue for you if organizations decide we're just going to do this on a pop-up basis because it's legally safer. Presumably that's of institutional concern to the commission. Sure. And there are instances where the commission has pursued agencies that have terminated and obtained civil remedies. Those are cited in the controlling commissioner's statement and distinguished. So if there were money available, the commission has available to it the possibility of civil fines and various things of that nature. Civil fines against the principals. Yes, in certain cases there's a criminal liability. There's a metric. There's a legal regime for that. Thank you very much. Thank you. I may briefly clarify something the opposing counsel mentioned there. He said the agency did not reach a decision on whether the organization was a political committee and therefore any analysis of that question is essentially irrelevant. The problem is the reason the commissioners did not reach that is they thought there were certain facts and certain issues that created ambiguity. But those facts and issues simply aren't relevant under correct analysis of the law. The reason they refused to address and resolve that question is because they had an impermissible view of what a political committee is and is not. So that error informed their refusal to address that particular claim. And my opposing counsel said the statute of limitations of defunding. What was that impermissible view? Well, as we discussed earlier, there are a number there. One, they ignored the purpose of a political committee. They ignored the evidence that showed this group was formed for the purpose of electing candidates. Secondly, they excluded all money spent on anything but independent expenditures, even if that money was spent to elect candidates. And as Judge Cooper found recently in that case, that that is an impermissible interpretation of funding. My opposing counsel points to statute of limitations and defunct status, but it's been their position throughout this litigation that the statute of limitations and the defunct status do not prevent the FEC from enforcing here. They have said they could seek enforcement, even with those issues under their reading of them. Their position is more nuanced though. Their position is weighing the size of the organization, its defunct status, and these hurdles. You know, if this had been the Democratic Campaign Commission, maybe it would be different, but it's just not for them worth it. So I don't think they're saying total bar. I think they're weighing it among a number of factors. That is correct, Your Honor. And it raises a sort of central absurdity in the FEC's position. Their position would be if they got the law wrong and then said, but we're also not going to enforce out of our discretion, that that would be contrary to law and would go back to the agency and potentially my clients could bring a suit. But if they said from the beginning, no, you're right, this group has violated the law. They flakily violated the law. They've spent millions of dollars and impacted many elections. But guess what? We're not doing anything and you can't either. That is an incredibly strange reading of this text and one that eliminates citizen suits where they make sense. And if I can briefly just address Judge Randolph, you mentioned the worry about de minimis violations and concerns about over-enforcement. The FEC mentioned there are a number of ways they can resolve minor complaints. One, there's an automatic fine regime for certain particular complaints. There's an ADR system. There's pre-public cause conciliation. There's a number of ways the FEC can resolve a minor issue that would not be contrary to law and not allow a citizen suit. What we have here is a situation where there are flagrant and still the FEC says it can not only not enforce itself, it can ensure no one else does either. On that absurdity you just pointed out, I want to make sure I understand and get your reaction because I took it to be a point that if you're basing your decision that you're not going to pursue it on an incorrect view of the law, well, maybe you would reach a different conclusion about enforcement discretion if you had the correct view of the law. You can't really know that until you have the correct view of the law to do that, make some sense, whereas if they have a correct view of the law and just say we're not going to exercise our discretion to pursue it here for a variety of reasons, priorities, resources, what have you, then we know they have the correct view of the law but then we know it really is an exercise of their discretion. In the first case you want to make sure before they exercise their discretion that they have the correct view of the law. You understand? I understand the distinction, your honor. I don't know that I think that's necessarily absurd. Well, the absurdity results from the consequences of those decisions. Under the first example where they make an incorrect understanding of the law and then dismiss as well for discretion, the remanding of that may let them to reconsider their own discretionary choice, but the fact that FICA also provides a citizen suit as a backup and citizen suits make sense where there is merit and the FCC agrees there is merit. Well, I don't know. I think you're right that one could view the law that way, but one can also defend the distinction that the FCC appears to be making in the sense that one of the functions of the commission is to clarify the law. And when they've said, well, we think the law is A prime and so we're in our discretion going to dismiss and the court or the, you know, in fact the law is A and we want that to be known, there's more exigency in that situation where they've exercised discretion against an incorrect view than when they've exercised it against a correct view with, as under your hypothesis, maybe an equally bad violator in front of them. That's just the nature of the way of defending that would be to say that's just the nature of discretion on agency's part. Bad violators get away. And that is understandable on the discretion of the agency and where the agency decides to spend its resources on. But there is no reason to read the citizen supervision if they're not in my client's ability to bring their own suit, their own rights based on the agency's assessment of its own resources. Well, it would be an understanding of what Congress meant when it said contrary to law. And we've struggled with what did it mean. It's not entirely clear. But you have to concede that it could mean when they've made an error that is legal rather than an error that is in that residual discretionary band. We think, obviously that's a question for this court and it would be decided with no deference to the FEC on that question. We think that sort of reading would render the citizen supervision so insignificant that it's nullified. When did the citizen supervision go in? It went in at the beginning, right? I believe it was 1973 amendments. Yeah, the three or four. Has there been, and there's been no change to it since then? No, Your Honor. And you're not aware of any current congressional attention to this provision? Not that I'm aware of, Your Honor, no. Okay. Thank you, Your Honor. Thank you both. The case is submitted.
judges: Kavanaugh, Pillard, Randolph